## IN THE MATTER OF THE APPEAL OF GOO WAN HOY FROM A RULING OF THE AUDITOR OF THE TERRITORY OF HAWAII.

HEARD APRIL 27, 28, 1914. DECIDED JUNE 4, 1914.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

STATUTES—*Act 52 of the Session Laws of 1913 construed.*

The reference in section 3 of Act 52 of the Laws of 1913 to sections 2 and 3 of Act 143 of the Laws of 1911, had the effect of making the provisions of those sections applicable to claims to be paid under the Act of 1913; and held, therefore, that the auditor was justified in refusing to issue warrants for the payment of claims under the later act which had not been examined and approved by the treasurer in accordance with the requirements of the earlier act.

OPINION OF THE JUSTICES BY ROBERTSON, C. J.

This is an appeal from a ruling made by the auditor of the Territory brought by one Goo Wan Hoy upon the representation that on or before the 30th day of June 1911, the appellant, as assignee of certain claimants, presented to the territorial treasurer certain claims, verified by oath, against the Territory, for the repayment of moneys wrongfully collected as merchandise license tax pursuant to the authorization of Act 143 of the Session Laws of 1911; that on the first day of April 1914, he

presented to the auditor a detailed statement of said claims and demanded that the auditor issue warrants for the payment of said claims under the authority of Act 52 of the Session Laws of 1913; that the auditor refused to issue such warrants; and that there were thirty-four of such claims which aggregated the sum of $1700. The auditor filed a statement by way of answer in which he set forth, *inter alia,* that except two claims which were paid to the appellant on the day after this appeal was filed, he had refused to pay appellant's claims on the grounds that eight of them had been previously paid to one Smithies, as assignee thereof, and that as to the rest they had not received the approval of the treasurer; that the terms of sections 2 and 3 of the Act of 1911 had not been complied with; and that the fund appropriated by the Act of 1913 was insufficient to pay all the claims presented, therefore under the decision in *Smithies* v. *Conkling,* 20 Haw. 600, claims should be paid in the order of their presentation, but that the treasurer had not determined the order of presentation of the claims held by the appellant.

The case turns upon the construction of the statute. Act 143 of the Laws of 1911 made an appropriation of money for the purpose of repaying to certain licensees amounts wrongfully collected from them under sections 764 to 768 of the Penal Laws of 1897. Section 2 of that act provided that claimants should present to the treasurer of the Territory within three months from the passage of the act "verified by oath, detailed statements of the amount or amounts paid by them in accordance with the requirements of" said sections of the Penal Laws, "and the treasurer of the Territory shall, after having verified such statements of the amounts so paid, and upon being satisfied that no part thereof has been repaid to such" claimants, repay to them "the amounts paid by them, and shall obtain and file proper receipts for such payments." The act further provided (Sec. 3) that claims not presented on or before June 30, 1911, should be forever barred. The amount appropriated by

that act being insufficient to pay all the claims presented within the time allowed, the legislature passed Act 52 of the Laws of 1913, making a further appropriation "for the purpose of paying back the amounts collected as license tax under sections 764 to 768 of the Penal Laws of 1897, and claims for which payment were duly presented according to the requirement of Act 143" of the Laws of 1911. The act also provides that claims shall be paid upon warrants issued by the auditor "payable to such persons as have complied with the provisions of sections 2 and 3 of Act 143 of the Session Laws of 1911," and that "such balance of this appropriation as shall be unexpended at the expiration of twelve months after the approval of this act shall lapse." The act was approved on April 4, 1913, and the attorney general contends that as the unexpended balance of the appropriation has lapsed it would be idle, if the appeal could otherwise be sustained, to direct the auditor to draw warrants on the treasurer which the latter could not pay. We find it unnecessary to decide the point.

We think the provision of the third section of the act of 1913, to the effect that claims should be paid upon warrants issued to such persons as had complied with the provisions of sections 2 and 3 of the act of 1911, had the effect of making those provisions applicable to claims to be paid under the act of 1913. In other words the evident intention of the legislature was that in order that any claim could be honored under the later act it must have been verified by oath and presented to the treasurer on or before June 30, 1911; and by that officer examined and found correct. The provision in the 1913 act relating to the issuance of warrants by the auditor merely confirmed the practice followed under the 1911 act, whereby upon the presentation to the auditor of a claim approved by the treasurer the auditor issued his warrant for the amount of the claim. On behalf of the appellant it is argued that as it appears that the legislature at its session of 1913 had before it a list purporting to be a list of claims presented to the treasurer under the

act of 1911, and remaining unpaid, the aggregate amount of such claims equalling the amount of the appropriation made by the act of 1913, it must have been the intention of the legislature that the claims included in that list should without further examination be paid.   Ten of the thirty-four claims held by the appellant were not included in the list furnished to the legislature.   We think the conclusion advanced by counsel does not follow from the facts.   It cannot be reconciled with the provision in the later act which refers to the provisions of the earlier act the evident purpose of which, in our opinion, was to require a compliance with the requirements of the act of 1911.   If the legislature had intended that certain claims should be paid irrespective of whether they had been examined by the treasurer, and without his approval, the reference to the requirements of the 1911 act would not have been made.

The appellant's claims not having been verified or approved by the treasurer the auditor did his duty when he refused to draw warrants in payment of them.

The ruling of the auditor is sustained.

*J. Lightfoot* for appellant.

*I. M. Stainback, Attorney General,* for the auditor.